UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA McDANIEL,<br><br>    Plaintiff,<br><br>  v.<br><br>THE UNITED STATES, et al.,<br><br>    Defendants. | No. 2:14-cv-2213-TLN-EFB PS<br><br><br>ORDER |

This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915. Her declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. However, on March 24, 2015, plaintiff filed a motion for leave to file an amended complaint. ECF No. 3.

Federal Rule of Civil Procedure 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to

1

which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." As plaintiff has not previously amended her complaint and a responsive pleading has not been filed, plaintiff may amend her complaint once as a matter of course and leave of court is not needed. Accordingly, plaintiff's motion to amend is denied as unnecessary.

However, in light of plaintiff's indication that she desires to file an amended complaint, the court will defer screening the original complaint until plaintiff has filed her amended complaint. Plaintiff is directed to file her amended complaint within 30 days of the date of service of this order. If plaintiff fails to do so, the court may screen plaintiff's original compliant and/or recommend that this action be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *see also* E.D. Cal. L.R. 110.

Plaintiff is reminded that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended compliant be complete in itself. This is because, as a general rule, an amended compliant supersedes the original compliant. *See Loux v. Rhay*. 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original compliant which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 881, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis*, ECF No. 2, is granted;

2. Plaintiff's motion to amend, ECF No. 3, is denied as unnecessary;

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." If plaintiff fails to file an amended complaint, the court

/////

/////

may screen plaintiff's original complaint and/or recommend that this action be dismissed for failure to prosecute. *See* Fed. R. Civ. P. 41(b); *see also* E.D. Cal. L.R. 110.

DATED: April 14, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE