UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA GRACE McDANIEL, | No. 2:14-cv-2213-TLN-EFB PS |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| THE UNITED STATES, et al., | |
| Defendants. | |

This case, in which plaintiff is proceeding *in propria persona* and *in forma pauperis*, proceeds on plaintiff's first amended complaint.[1] ECF No. 5.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).

a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

1         Plaintiff complaint is brought under 42 U.S.C. § 1983 and purports to allege various
2  federal and state law claims against the United States of America; County of Yolo; the Yolo
3  County Public Agency Risk Management Insurance Authority ("YCPARMIA"); Robert Martin
4  and Mirana Griese, both employees of the YCPARMIA; Yolo County District Attorney Resieg;
5  the City of Davis; the Davis Police Department; fifteen Davis Police Officers; and three
6  employees working dispatch for the Davis Police Department.  ECF No. 1 at 3-4.

7         Plaintiff, who describes herself as a disabled multiracial woman, alleges an ongoing
8  "pattern of abuse from the" Davis Police Department.  *Id*. at 7.  She includes various disjointed
9  and incoherent allegations that defendants, among other actions, "harassed, stalked, and misused
10 their sirens for years to scare and unnerve the Plaintiff;" engaged in racial profiling; refused to
11 investigate plaintiff's "drug trafficking neighbors; vandalism crimes to her car and bike, threats to
12 harm her, racist slurs and other harassments," and "refus[ed] to prevent crimes committed against
13 her."  *See generally* ECF No. 1.  The events allegedly occurred as early as April 2005, and as late
14 as the filing of the operative complaint.  Plaintiff further claims that she requested help from the
15 District Attorney, the Mayor of Davis, and the Department of Justice, but each were unwilling to
16 investigate the Davis Police Department.  Plaintiff claims that defendants' conduct violated her
17 rights under the Fourth, Eighth, Ninth, and Fourteenth Amendments to the United States
18 Constitution, and denied her equal protection of law and procedural due process.

19         Plaintiff's complaint must be dismissed for failure to state a claim.  Her allegations are so
20 vague and conclusory that the court cannot determine where one alleged incident giving rise to a
21 claim stops and another begins.  Plaintiff fails to allege the specific facts that support each
22 particular violation of her constitutional rights.  She also fails to identify which defendant she
23 believes are responsible for each violation.  Instead, she provides a prolix narrative of various
24 unrelated events that she believes violated numerous constitutional rights.  As drafted, plaintiff
25 has failed to give each defendant fair notice of the claims asserted against them.  Furthermore,
26 /////
27 /////
28 /////

3

1 given that many of the alleged events appear to be unrelated and involve different defendants, the
2 complaint appears to violate Federal Rule of Civil Procedure 20(a)(2).[2]

3       The bulk of plaintiff's claims appear to be brought under 42 U.S.C. § 1983 for violation of
4 plaintiff's constitutional rights.  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege
5 two essential elements: (1) that a right secured by the Constitution or laws of the United States
6 was violated, and (2) that the alleged violation was committed by a person acting under the color
7 of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  An individual defendant is not liable on a
8 civil rights claim unless the facts establish the defendant's personal involvement in the
9 constitutional deprivation or a causal connection between the defendant's wrongful conduct and
10 the alleged constitutional deprivation.  *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989);
11 *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

12       Although a supervisor's failure to train subordinates may constitute the type of personal
13 involvement on which § 1983 liability may be premised, to state a claim for failure to train a
14 plaintiff must allege facts that show that the alleged failure amounted to deliberate indifference.
15 *Cannell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998).  The complaint must allege facts
16 showing that the training provided was inadequate and that the inadequacy was the result of a
17 conscious choice by the supervisory defendant.  *Id*. at 1213–14; *see also Clement v. Gomez*, 298
18 F.3d 898, 905 (9th Cir. 2002) (a plaintiff must allege facts showing that, in light of the duties
19 assigned to specific individuals, the need for more or different training is so obvious, and the
20 inadequacy so likely to result in violations of constitutional rights, that the policy-makers can
21 reasonably be said to have been deliberately indifferent to that need).

22       A municipal entity or its departments (such as a county, a county jail, or a county
23 employee acting in an official capacity) is liable under section 1983 only if a plaintiff shows that
24 his constitutional injury was caused by employees acting pursuant to the municipality's policy or

---

[2] Federal Rule of Civil Procedure 20(a)(2) provides, in relevant part, that "[p]ersons . . . may be joined in one action as defendants if: (A) a right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."

custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). In addition, such local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997). That is, a plaintiff may not sue any defendant on the theory that the defendant is automatically liable for the alleged misconduct of subordinate officers. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

Plaintiff's allegations are too vague and conclusory to identify which defendant engaged in which specific act that deprived plaintiff of a federally protected right. Nor do the allegations identify as to each defendant what right was deprived and how the alleged acts would constitute a violation of that right. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice of the claims asserted against each defendant and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege at least some conduct by each defendant which, if taken as true, would entitle plaintiff to relief under section 1983. As plaintiff has failed to do so, any claim under section 1983 must be dismissed.

The complaint also references Title VI of the Civil Rights Act of 1964. To state a claim under Title VI, "a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994). "Because Title VI is directed at programs that receive federal assistance, there is no right of action against individual employees or agents of those entities." *Aguirre v. San Leandro Police Dept.*, 2011 WL 738292, at *3 (N.D. Cal. Feb. 22, 2011). Plaintiff has failed to allege specific facts establishing these two elements and therefore has failed to state a claim under Title VII.

Plaintiff also makes reference to the Americans with Disabilities Act. Title II of the Americans with Disabilities Act ("ADA"), prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability. 42 U.S.C. § 12132. In order to

state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability. *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

"To recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001). The standard for intentional discrimination is deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." *Id.* at 1139.

"In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person . . . . Thus, as a rule, there is no personal liability under Title II." *Roundtree v. Adams*, No. 1:01-cv-06502-OWW-LJO, 2005 U.S. Dist. LEXIS 40517, at *22 (E.D. Cal. Dec. 1, 2005) (quotations and citations omitted). Indeed, a plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his individual capacity to vindicate rights created by Title II of the ADA. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). Thus, an ADA plaintiff may seek injunctive relief against an individual defendant only if the defendant is sued in his or her official capacity. *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir. 2003). Although plaintiff describes herself as disabled, she has failed to allege that she was denied any benefit on account of her disability. Accordingly, she also fails to state an ADA claim.

The complaint also names District Attorney Resieg as a defendant. Prosecutors, however, are generally immune from suit for acts taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123–24 (1997); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269–70 (1993); *Imbler v.*

1   *Pachtman*, 424 U.S. 409, 427, 430–31 (1976).  Plaintiff does not allege that Resieg acted outside
2   his official capacity and therefore it appears that he is immune from suit.
3         Lastly, plaintiff names the United States of America as a defendant and purports to assert
4   claims under the Federal Torts Claims Act and *Bivens v. Six Unknown Named Agents of Federal*
5   *Bureau of Narcotics*, 403 U.S. 388 (1971).  The complaint, however, is devoid of any factual
6   allegations concerning federal actors.  Instead, all of plaintiff's claims appear to be based on
7   conduct by county employees and police officers working for the Davis Police Department.
8   Accordingly, plaintiff also fails to allege a claim against the United States of America.
9         For all the foregoing reasons, plaintiff's compliant must be dismissed for failure to state a
10  claim.  Plaintiff, however, will be granted leave to file an amended complaint, if she can allege a
11  cognizable legal theory against a proper defendant and sufficient facts in support of that
12  cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
13  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
14  their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint
15  shall clearly set forth the claims and allegations against each defendant.  Any amended complaint
16  must cure the deficiencies identified above and also adhere to the following requirements:
17        Any amended complaint must identify as a defendant only persons who personally
18  participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*
19  *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
20  constitutional right if he does an act, participates in another's act or omits to perform an act he is
21  legally required to do that causes the alleged deprivation).  It must also contain a caption
22  including the names of all defendants.  Fed. R. Civ. P. 10(a).
23        Any amended complaint must be written or typed so that it so that it is complete in itself
24  without reference to any earlier filed complaint.  L.R. 220.  This is because an amended
25  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
26  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
27  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
28  /////

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Unrelated claims against different defendants must be pursued in multiple lawsuits. *See* Fed. R. Civ. P. 20(a)(2).

Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's compliant is dismissed with leave to amend, as provided herein; and

2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: November 23, 2015.

                                    EDMUND F. BRENNAN
                                    UNITED STATES MAGISTRATE JUDGE