UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANYA GRACE McDANIEL, | No.  2:14-cv-2213 TLN DB PS |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CITY OF DAVIS, et al., | |
| Defendants. | |

Plaintiff Tanya McDaniel is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Plaintiff commenced this action on September 24, 2014, by filing a complaint and a motion to proceed in forma pauperis.  (ECF Nos. 1 & 2.)  On April 15, 2015, plaintiff's motion to proceed in forma pauperis was granted, plaintiff's complaint was dismissed, and plaintiff was granted thirty days to file an amended complaint.  (ECF No. 4.)

Plaintiff filed a first amended complaint on May 15, 2015.  (ECF No. 5.)  On November 24, 2015, plaintiff's first amended complaint was dismissed and plaintiff was granted thirty days to file a second amended complaint.  (ECF No. 6.)  Plaintiff filed a second amended complaint on December 17, 2015.[1]  (ECF No. 8.)

---

[1] That same day, plaintiff filed a motion to file a second amended complaint.  (ECF No. 7.) Given that plaintiff was granted leave to file a second amended complaint, plaintiff's motion was

1

1    The court must dismiss an in forma pauperis case at any time if the allegation of poverty is
2    found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a
3    claim on which relief may be granted, or seeks monetary relief against an immune defendant.  See
4    28 U.S.C. § 1915(e)(2).  A complaint is legally frivolous when it lacks an arguable basis in law or
5    in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221,
6    1227-28 (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous
7    where it is based on an indisputably meritless legal theory or where the factual contentions are
8    clearly baseless.  Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

9    To state a claim on which relief may be granted, the plaintiff must allege "enough facts to
10   state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544,
11   570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as
12   true the material allegations in the complaint and construes the allegations in the light most
13   favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v.
14   Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245
15   (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by
16   lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true
17   conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
18   Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

19   The minimum requirements for a civil complaint in federal court are as follows:

20   > A pleading which sets forth a claim for relief . . . shall contain (1) a
21   > short and plain statement of the grounds upon which the court's
     > jurisdiction depends . . . , (2) a short and plain statement of the
22   > claim showing that the pleader is entitled to relief, and (3) a demand
     > for judgment for the relief the pleader seeks.

23   FED. R. CIV. P. 8(a).

24   Here, plaintiff's second amended complaint suffers from several defects.  First, the
25   wrongful acts alleged in the second amended complaint date as far back as 2004, with most
26   occurring more than two years prior to the commencement of this action.  In this regard, the
27   
---
28   unnecessary and will, therefore, be denied.

2

majority of the alleged wrongful acts related to plaintiff's federal claims occurred outside the statute of limitations for those causes of action. See Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (stating statute of limitations for 42 U.S.C. § 1983 claim is two years under California law); Pickern v. Holiday Quality Foods, Inc., 293 F.3d 1133, 1137 n.2 (9th Cir. 2002) (noting that most district courts have applied California's two-year statute of limitations for personal injury actions to disability discrimination claims); Taylor v. Regents of Univ. of Cal., 993 F.2d 710, 712 (9th Cir. 1993) (per curiam) (holding the statute of limitations for claims brought under § 2000d is the "same state limitations period applicable to claims brought under [42 U.S.C.] § 1983").

Second, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 33 (1992). Therefore, the in forma pauperis statute "accords judges . . . the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. Among those "are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328. This portion of the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." Id. at 327.

The court should not exercise this "unusual power" lightly or often. Indeed, the court takes very seriously the following admonition of the Supreme Court:

> An in forma pauperis complaint may not be dismissed, however, simply because the court finds the plaintiff's allegations unlikely. Some improbable allegations might properly be disposed of on summary judgment, but to dismiss them as frivolous without any factual development is to disregard the age-old insight that many allegations might be "strange, but true; for truth is always strange, Stranger than fiction." Lord Byron, Don Juan, canto XIV, stanza 101 (T. Steffan, E. Steffan & W. Pratt eds. 1977).

Denton, 504 U.S. at 33. Nevertheless, when it is appropriate to do so—that is, when the allegations go well beyond "unlikely" or "improbable" and enter the realm of "irrational,"

3

1  "wholly incredible" or "delusional" —the court carries out the intent of the law, and dismisses
2  claims meeting the Neitzke standard.  Denton, 504 U.S. at 33 ("[A] finding of factual
3  frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly
4  incredible").

5  Here, plaintiff's second amended complaint alleges that she has been the victim of a
6  concerted effort between the City of Davis, the City of Davis Police Department, more than a
7  dozen officers of the Davis Police Department, Yolo County, and the United States Department
8  of Justice to harass plaintiff and violate her rights.  Specifically, the second amended complaint
9  includes the following allegations.  That officers of the Davis Police Department refused to
10 investigate plaintiff's reports of vandalism, hate crimes, and threats made against her or
11 investigate "her drug trafficking neighbors [to] help make her apt. a safe place."  (Sec. Am.
12 Compl. (ECF No. 8) at 4.)  That plaintiff was "stalked online dating 'Singlesnet'" by Davis Police
13 Depart Officer "Dias," who was later murdered, and that "Dias' family member or fiancée,
14 'Flora' harasses Plaintiff."  (Id. at 5.)  That plaintiff "was illegally charged with 'obstruction to
15 justice,'" in Yolo County which "is known for their illegal practices to collect money from cops
16 committing crimes against citizens."  (Id.)  That the Davis Police Department "[h]unt her with
17 their dog, as she hides and sees them searching for her."  (Id.)  That "the DPD's relatives are gang
18 affiliated," that a Davis Police Department Officer "prank called" plaintiff, and that plaintiff
19 suffered "Federal Court District 9 employees stalking Facebook page."[2]  (Id. at 7.)

---

[2] It appears that this is not the first time plaintiff's allegations have been found to fail to state a claim, be frivolous or insubstantial.  See McDaniel v. United States Department of Justice, et al., No. 2:15-cv-1664 JAM AC (E.D. Cal. Sept. 22, 2015) ("The court finds plaintiff's allegations regarding defendants' conduct are so incredible that they need not be accepted as true."); McDaniel v. United States of America, et al., No. 2:15-cv-0937 MCE KJN PS (E.D. Cal. July 24, 2015) ("Because plaintiff's allegations are fanciful, delusional, implausible, and completely devoid of merit, the court finds plaintiff's claims to be so insubstantial as to not involve a federal controversy within the jurisdiction of this court."); McDaniel v. The Secretariat, et al., No. 2:15-cv-0828 GEB CKD PS (E.D. Cal. July 23, 2015 ("Plaintiff alleges a variety of claims against private individuals arising out of a receipt by plaintiff of an email discussing weight loss."); McDaniel v. United States, et al., No. 2:15-cv-1113 TLN AC (E.D. Cal. June 8, 2015) ("The court finds that despite the emotional distress plaintiff alleges, distress that the court does not in any way discredit or demean, the allegations regarding the defendants' conduct are so incredible that they need not be accepted as true."); McDaniel v. Powell, No. 2:13-cv-2653 MCE AC (E.D.

Finally, plaintiff's second amended complaint fails to contain a short and plain statement showing that she is entitled to relief.  In this regard, plaintiff's second amended complaint is composed almost entirely of vague and conclusory statements.  For example, the second amended complaint alleges that "[b]efore 12-26-2011; DPD violates their Mission Statement to 'protect and serve.'"  (Sec. Am. Compl. (ECF No. 8) at 3.)  That on "July 12, 2007, Plaintiffs requests from the DPD all reports of crimes committed against her" and the "DPD refuse to give Plaintiff all her reports."  (Id. at 4.)  That "Plaintiff endures DPD stalking, harassing, loitering outside her mother's residence, misuse sirens, violating privacy rights, illegal stops, threats, prank calls."  (Id. at 6.)  That "[f]rom after and before 12-26-2011; Plaintiff has been stalked from the DPD at stores; Dollar Store, CVS, Garrod St. Hutchinson, Russell Blvd. UC Mall plaza area, Target."  (Id. at 7.)

As plaintiff has been repeatedly advised, although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly.  FED. R. CIV. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'"  Ashcroft v. Iqbal, 556 U.S.662, 678 (2009) (quoting Twombly, 550 U.S. at 555, 557.  A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims.  Jones, 733 F.2d at 649.

Accordingly, for the reasons set forth above, plaintiff's second amended complaint should be dismissed.

## LEAVE TO AMEND

The undersigned has carefully considered whether plaintiff may further amend the complaint to state a claim upon which relief can be granted..  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility."  California Architectural Bldg.

---

Cal. June 4, 2015) ("Those that aren't time barred are described with such brevity that they could not form the basis of any claim.").

5

Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, and plaintiff's repeated failure to successfully amend her complaint, the undersigned finds that it would be futile to grant plaintiff further leave to amend in this case.

Accordingly, IT IS HEREBY ORDERED that plaintiff's December 17, 2015 motion to amend (ECF No. 7) is denied as unnecessary.

Also, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's December 17, 2015 second amended complaint (ECF No. 7) be dismissed without leave to amend; and

2. This action be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 16, 2016

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\mcdaniel2213.dism.wolta.f&rs